Good morning, everyone. The first case on the call this morning is case number 123289, agenda number five, People v. Murray. Ms. Bontrager, is that correct pronunciation? If you're ready, please proceed. Make sure that microphone is adjusted for you appropriately. Good morning, Your Honors, and may it please the Court. I'm Jennifer Bontrager from the State Appellate Defender for Deontay Murray. Your Honors, this is a straightforward case. The only question is whether the State proved that the Latin Kings are a street gang for purposes of the offense of unlawful possession of a firearm by a street gang member. They did not. In creating the offense of unlawful possession of a firearm by a street gang member, the legislature adopted the specific and detailed definition of street gang from the Illinois Stop Act. By adopting this detailed definition, the legislature confirmed that it wanted to hold the State to a strict statutory burden on this offense. To establish that a group is a street gang under the Stop Act, the State had to prove, relevant to the question here, that the Latin Kings engaged in a coarser pattern of criminal activity, specifically that they committed two or more gang-related criminal offenses, one such offense after the effective date of the statute, and both offenses within five years of each other. The State here presented no evidence of specific prior offenses committed by the Latin Kings. Testimony from the gang expert included extensive information about the history, hierarchy, symbols, and colors associated with the Latin Kings, all of which related to elements of the specific statutory definition. But neither the expert's testimony nor any other evidence made mention of any specific offenses committed by the Latin Kings. And without evidence of prior specific offenses committed by the Latin Kings, the State did not prove that the Latin Kings are a street gang within the Stop Act, and therefore did not prove that the Latin Kings are a street gang for purposes of unlawful possession of a firearm by a street gang member. Damman's expert testimony didn't fulfill that requirement? No. He did not mention any specific prior crimes. He provided an opinion, but absent other evidence consistent with this Court's prior decisions, that's insufficient proof beyond a reasonable doubt. So the fact that he had two decades of police experience and participated in several hundred gang crime investigations, that wasn't enough for him to give an opinion that they were a street gang? Without going through all the necessary definitional evidence? I take no issue with his opinion, and I'm not challenging the foundation for his opinion at all. And the argument is simply that without mention either from Damman's testimony or additional evidence of specific prior offenses, then the State has not established that the Latin Kings were a street gang. It did not establish the course or pattern of criminal activity required to qualify them as a street gang under the Act. Are you saying that those are elements of the crime and need to be proven? Is that it? Yes. They are elements of that definition. I'm sorry. They are part of the definition. Elements. They are absolutely elements of the crime that must be proven in order to establish that the Latin Kings are a street gang for this particular offense at issue. The failure of proof here is similar to the failure of proof in the appellate court's decision in People v. Lozano. The court there found that the gang experts' vague references to the 2-6 gang using violence to control their territory since the 1970s was simply insufficient to establish the course or pattern of criminal activity because there were no specific offenses discussed. And the same is true here. The gang experts' vague references to drug sales absent a specific time frame is insufficient to establish the course or pattern of criminal activity. Do you have any concerns about prejudice to the defendant or potential prejudice to the defendant if this kind of evidence is presented? Well, I mean, that ship sailed with the charging of unlawful possession of a firearm by a street gang member. By charging a street gang member, evidence was already going to come in to establish street gang under the STOP Act. So, you know, two prior offenses by the Latin Kings in addition to evidence about hierarchy and history and all of that kind of thing is hardly likely to tip the scales against a defendant simply because of mention of two prior crimes. And certainly, when evidence of those crimes come in, the defendant would be entitled to a limiting instruction for, you know, how the jury could consider that evidence against the defendant. Did the defendant testify that he was a member of the Latin Kings? He did. And did he refer to it as a gang? I don't believe he actually used the word gang. He acknowledged that he had joined the Latin Kings at some point. But that doesn't relieve the state of its burden of proving that the Latin Kings are a street gang within the detailed definition of street gang under the STOP Act. It's simply not relevant to it at all. This Court should adopt the analysis used by the majority in Lozano and find that because the state failed to introduce evidence of two prior specific offenses, that the state failed to establish that the Latin Kings are a street gang under the STOP Act, they therefore failed to prove Deontay Marie guilty of unlawful possession of a firearm by a street gang member beyond a reasonable doubt. If there are no other questions, thank you. Seeing none, thank you. Good morning. May it please the Court. Good morning. Counsel. I'm Assistant Attorney General Jason Kriegel on behalf of the people. After hearing the evidence in this case, all jurors were convinced beyond a reasonable doubt that the defendant unlawfully possessed a firearm while being a member of a street gang. And under the well-established rule in Jackson v. Virginia, the only question for this Court is whether that decision was rational. And here the jury was required to find four elements of unlawful possession that are set forth in the criminal code, and the only one that's at issue now is whether the defendant was a member of a street gang. And taking the evidence in the light most favorable to the state, including assuming that the jury credited the people's witnesses, there is no room for doubt here. So Detective Damon was qualified as an expert by the circuit court. Counsel concedes that he was qualified and able to give an opinion. He testified that he was familiar with the Latin Kings from his 20 years of experience enforcing gang crimes in Belvidere. He testified that he knew the defendant to be a member of the Latin Kings. And he explained to the jury that street gang is a term that's defined in the STOP Act and that the Latin Kings meet the definition of street gang in the Act. So that testimony was not objected to, was not cross-examined, was not called into question in any way. And, in fact, in closing argument, the defense counsel conceded that the people had proven the unlawful possession charge. So under those circumstances, there was nothing irrational about what the jury found here. The defendant is asking that the court- Counsel, with regard to the specificity, are you saying that doesn't really need to be proven as an element of the crime? I mean that portion where you have to be specific about two other crimes within a time period? So we don't dispute the meaning of the STOP Act. So there's no statutory interpretation question here. So we agree that in order to qualify as a street gang, the street gang has to be a group of three or more people with an established hierarchy that is engaging in a course or pattern of criminal activity. But the Jackson is the standard that determines what evidence that people must put forward in order to prove those facts. And here, both the rules of evidence and this court's opinions establish that just because a term in the Act is defined in a specific way doesn't mean that the people have some additional burden beyond Jackson. So the rules of evidence specifically authorize the testimony that Detective Daniel gave here that was based on his experience and training. Rule 704 says that an expert may give an opinion on an ultimate issue. So here the issue is whether the Latinx was a street gang under the Act. And under Rule 705, there's no requirement that on direct testimony, Detective Damon set out all of the facts that underlie that opinion. Counsel, he's not required to prove a course or pattern of criminal activity that at least one offense was committed after the effective date of the Act. Both offenses were committed within five years of each other. At least one offense involves solicitation to commit, conspiracy to commit. Those are the elements of the offense. What evidence addressed those three points? Well, Your Honor, Detective Damon testified that the Act has those requirements and that the Latinx are a street gang for the meaning of the Act. And under Rule 705, there is no requirement that Detective Damon set forth the facts that underlie that opinion. So it was perfectly permissible for a defendant to question Detective Damon and say, what's the basis of your opinion that this is a street gang? Can you identify specific crimes committed by the Latinx? But the burden of proof wasn't on the defendant. It was on the state. That's absolutely right. But under the rules, an expert is permitted to opine on an ultimate issue, and the jury can rationally rely on that opinion. And these court cases interpreting Jackson make clear that just because a statutory term is defined doesn't create any additional burden. So we cite in our brief people being right, and right was an armed robbery case. And the question there was whether the people had proven that the firearm that was used in that robbery was a firearm as defined in the statute. The definition was a device designed to expel a projectile by the action of an explosion, expansion of gas, or escape of gas, but excluding certain items like BB guns. So it's a very technical definition. But the weapon wasn't recovered in that case, and it was never fired. So none of the witnesses could testify, oh, well, I know how the internal workings of that gun operated. But it was rational for the jury this court held to rely on testimony that the witnesses saw what appeared to be a gun, and it was left to the defendant certainly was permitted to question, well, did you know it was not a BB gun? Did you know that it was a real gun? That sort of thing. And our system of justice depends on adversarial testing of the state's witnesses. So it's true that there's this protection in Jackson, but the defendant also has a number of other protections, including the right to an attorney, the right to confront and cross-examine witnesses, the right to subpoena witnesses and compel testimony. So Jackson certainly is sort of a minimum standard to ensure that the state has put forward evidence, but it's also up to the defendant to challenge that evidence to the extent that there's actually a factual dispute about what happened. Well, Mr. Kriegel, what was the evidence that the defendant should have challenged, besides the opinion in general? Well, what was the factual evidence? Well, in this case there was no real dispute. There was no legitimate dispute that the Latin Kings were a street gang, assuming in some other case that there was testimony, for example, that a defendant hung out with a bunch of friends and they called themselves a street gang. There might be a legitimate question about whether the state had proven that this was a street gang and defense could bring out those facts by cross-examining. Well, do you know about hierarchy within this group of friends? Do you know if they've committed previous crimes? But in this case there was no question. Defense counsel sought to exclude prejudicial evidence about gangs from the trial altogether. They didn't want to have this factual debate because there was no question that the Latin Kings are a street gang within the meaning of the act. Mr. Kriegel, you heard Justice Neville's reference to the statutory burden. Do you disagree with this question about what's in the statute, what's required? No, Your Honor. We agree about what facts constitute the crime of unlawful possession. The defendant has to be a member of a street gang and the street gang has to meet those definitions. But that doesn't mean that the people's evidence has to match up with each element of the crime. I mean, the people can prove, or I shouldn't say each element of the crime, but each word in the statute doesn't have to match some piece of evidence. The jury can rely on both direct and circumstantial evidence, and the rules also permit expert testimony such as the opinion of Detective Damon that was offered here. And that opinion encompassed all of the requirements of the act because he was specifically asked, are the Latin Kings a street gang within the meaning of the Stop Act? And the jury was entitled to rely on that evidence. Well, tell me if I'm wrong. What I understand is you can have an entity that is a gang, but you still have to, under the statute, my understanding is you still have to prove that the gang did ABC. They had to commit these offenses within a time frame and they had to at least commit a felony within that time frame. Is that wrong? Well, I would, in this case, Detective Damon, although he didn't identify specific crimes that were committed by the Latin Kings, he did testify that the Latin Kings are a street gang in the meaning of the act, which he was permitted to do by Rule 704. And, of course, our alternative argument is that there was testimony besides Detective Damon's testimony, in this case, of specific criminal acts that meet the definition of the course or pattern of criminal activity here. And defense counsel told you one of the definitions of that term, but actually the STOP Act has two definitions of course or pattern of criminal activity. It can be either two gang-related offenses within five years of each other, or one or more criminal acts of criminal defacement of property where the defacement includes a gang symbol. And here the state's evidence established course or pattern of criminal activity under either of those definitions. There were, of course, evidence that defendant facilitated the murder of Mr. Herman. There was the evidence that the jury convicted the defendant, also convicted him of aggravated unlawful use of a weapon. And, of course, there was evidence that the co-defendant, Mr. Hernandez, also committed the murder. So there were those three crimes that happened on the day of this crime. And then there were also, two hours earlier, there was the videotape of a defendant and his friend, his fellow gang member, Mr. Perez, in the neighborhood of the rival gang, the Serrano 13s, showing off their graffiti that said 13K, which Detective Damon explained was a gang symbol meant to mean Serrano 13 Killer. And Mr. Perez is shouting 13 Killer where the Serrano's at. And it's a reasonable inference that either defendant or Mr. Perez or some other Latin king who were the known rivals of the Serrano 13 created that graffiti. And the defendant in reply took issue with that inference. But, in fact, the defendant himself made that inference in his opening brief. If you look at page 7, in describing the facts, he says that it was Mr. Perez who created this graffiti. It was a reasonable inference from the evidence that they created this graffiti. And under the STOP Act, that was enough to show a course or pattern of criminal activity. One other point, Justice Garmon's question about prejudice. Adopting the rule that the defendant proposes here, which is that the people must present specific evidence of crimes in a lawful possession case would be both impractical and prejudicial. It would create the necessity of having many trials within a trial about these separate crimes. And the people don't need to... Under the Act, it requires that the crime be not only established that a crime occurred, but had to be... So it couldn't just be proven by the fact of the conviction. It would also have to show that it was committed by a member of the gang with a gang-related intent. And so these crimes under the Act, they don't have to be... The defendant doesn't have to have any personal participation in them. So I disagree with defense counsel that there's not something more prejudicial about bringing actual crimes that the defendant was uninvolved in into the trial over other evidence about the gang generally. And it's important to remember in this case, too, this is not necessarily like an ordinary unlawful possession case because the defendant was also charged with a murder that had a gang motive. So a lot of the evidence that came in about the gang was really about proving that the defendant had a motive to commit this murder that was otherwise an inexplicable act of violence at this gas station. And in an ordinary case, it was just about unlawful possession. It's quite likely that the state and the defendant would stipulate or would try to avoid bringing in this evidence which really is generally not going to be contested, especially if it's a gang-related crime. But counsel, it's an element of the crime. This legislature had some intent why they put that in and why it was needed, because it was gang-related. Well, sure. And we don't dispute that the Latin kings must have committed crimes in the past. The question is how is the state required to prove that? That's up to the state. Right, right. But under the rules of evidence, the state's permitted to put on an expert who can opine on an ultimate issue and is not required to state all of the facts that underlie that opinion. And so here, the opinion was the Latin kings are a street gang within the meaning of the statute. And of course, the statute is what lays out all of these requirements. So the evidence here was sufficient. And of course, we had the alternative argument, too, that there was evidence of specific crimes. I'd be happy to answer any other questions that the court may have. But otherwise, we would ask that this conviction be affirmed. Thank you. Thank you, Mr. Kriegel. Recline. Thank you. Just briefly, Your Honors, to be clear, we're not taking issue with the expert's opinion. We're simply arguing, consistent with this court's precedent, that the opinion plus additional evidence is required. As far as the defacement and murder in this case counting as, of course, a pattern of criminal activity, one, there is no reasonable inference that Murray and Perez were responsible for creating the graffiti at issue. Let's be honest. If the state had evidence that they were responsible for creating that graffiti, they would have charged it and introduced it as motive evidence at trial. They didn't. They had video of Murray and Perez goofing off in front of Sereno 13 graffiti. The detective did not link that graffiti to the Latin Kings specifically. And under the statute, the defacement has to be intended to identify the street gang. They did not do that here. Counsel, would you clarify for me, is it your position that to prove these other offenses, they would be incumbent upon the state to show that this defendant was involved in those crimes? No. Or would it be sufficient to show that the gang committed crimes? It would be sufficient to show that the gang committed crimes. The statute does not link it specifically to the defendant. And just to clarify that the murder also does not count as one of those offenses here. Under the statute, the statute requires that the defendant is a member of a street gang. The only fair reading of that present tense is that the street gang is preexisting at the time of the charged offense. Are there no other questions? Thank you very much. Thank you, everyone. Thank you. Case number 123289, Pupil v. Murray, will be taken under advisement as agenda number 10. This is John Trager, Mr. Fregel. We thank you for your arguments. You are excused.